## THE PAUL DANA v. SOCONY VACUUM OIL CO., Inc.
### No. 99, Docket 20779.

Circuit Court of Appeals, Second Circuit.
Dec. 26, 1947.

Christopher E. Heckman and Foley & Martin, all of New York City (Louis J. Lawrence, of New York City, of counsel), for libellant, appellant.

John W. Knox, of New York City for claimant.

Before L. HAND, SWAN, and AUGUSTUS N. HAND, Circuit Judges.

## PER CURIAM.

There was testimony to sustain the findings of Inch, J., that the "Paul Dana" was moving at too fast a speed at the moment of collision. She had come diagonally from the buoy to the end of the dredge and was obliged to make a substantial turn to starboard. That of itself does not indeed condemn her; but with the tide under foot the manoeuvre demanded entire control over her speed; and either she was moving too fast to avoid the "Socony," or she did not make her out in time. There is no escape for her on any theory; for any movement of the "Socony" towards the north side of the channel could not have been sudden.

The fault of the "Socony" depends substantially altogether on her position. She says that she was 250 to 300 feet to the south of the dredge; but the disinterested testimony is otherwise, or at least such was the recollection of all the disinterested witnesses, until the two who were on the dredge changed their story. One of these told an investigator for the libellant that the "Dana" passed only 100 feet off the dredge; and the other signed a paper saying that the distance was 150 to 200 feet. Moreover, the testimony of Christiansen, a neutral witness, covered the point expressly; he thought that the "Socony" was "over toward the port side of the channel"; and that the collision was 50 or 60 feet from the side of the dredge. He put himself 150 feet from the south channel line which would make the port side of his barge at least 200 feet from that side. If so, he was substantially right when he said: "I regard myself as being more on the port or middle of the channel." Yet the "Socony" was behind and to port of him.

██ As to all the issues, whatever we might have decided, had we seen the witnesses, we should not be warranted in substituting any conclusion we could draw from this contradictory record for that of Inch, J. It is enough that his findings are not "clearly erroneous." We wish that it were easier than apparently it is, to persuade the bar that, when the district judge has heard the witnesses in a case like a collision, where all depends upon what hangs in their memories of a suddenly presented event full of emotional tension and at times of peril, the findings must of necessity be final, save in cases of the clearest error.

Decree affirmed.